

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00136-CR
No. 07-22-00137-CR

**VINSON DARNELL WILLIAMS, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 100th District Court
Donley County, Texas
Trial Court Nos. 3989, 3990, Honorable Stuart Messer, Presiding

January 23, 2023

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California.*[1]  Pursuant to a plea agreement, in July 2021, Appellant, Vinson Darnell Williams, was placed on deferred adjudication community supervision for eight years for sexual assault of a child in cause number 3989.  In cause number 3990, he was placed on deferred adjudication for eight years for aggravated sexual assault of

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

a child and assessed an $8,000 fine.[2]  Within three months, the State moved to adjudicate Appellant's guilt alleging that he had violated numerous conditions of his community supervision.  At a hearing on the State's motion, Appellant entered pleas of "not true" to all allegations.  After hearing testimony from the State's witnesses and Appellant, the trial court adjudicated him guilty of the original offenses and imposed punishment as follows:

| Cause number 3989 | sexual assault of a child, a second degree felony; TEX. PENAL CODE ANN. § 22.011(a)(1), (c)(1), (f) | twenty years confinement |
| Cause number 3990 | aggravated sexual assault of a child, a first degree felony; TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (2)(B), (e) | sixty years confinement and a fine of $8,000 |

The sentences were ordered to run consecutively.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the records, and in her opinion, they reflect no potentially plausible basis for reversal of Appellant's conviction.  *Anders*, 386 U.S. at 744–45; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Her review confirms the trial court did not abuse its discretion in adjudicating Appellant guilty of the original offenses, revoking his community supervision, and ordering his sentences to run consecutively. Counsel candidly discusses why, under the controlling authorities, the records support that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that she has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.  By

---

[2] Other counts in each cause were dismissed as part of the agreed punishment recommendations.

2

letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response and the State did not favor us with a brief.

We too have independently examined the records to determine whether there are any non-frivolous issues which might support these appeals. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the records and counsel's brief, we agree that there is no plausible basis for reversal of Appellant's convictions. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

The trial court's judgments are affirmed and counsel's motion to withdraw is granted.[3]

Alex L. Yarbrough
Justice

Do not publish.

---

[3] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgments together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35. The duty to send the client a copy of this Court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.